CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 02

JULIA _____, CLERK
BY: /s/ _____
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
JANUARY 2020 SESSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.: 7:19-CR-0094 |
| | : | |
| v. | : | **SUPERSEDING INDICTMENT** |
| | : | |
| IOANA-CRISTINA PAVEL | : | In violation of: |
| SZILARD FARKAS & | : | |
| MARIUS CATALUI | : | 18 U.S.C. § 371 |
| | : | 18 U.S.C. § 1344 |
| | : | 18 U.S.C. § 1028A |
| | : | 18 U.S.C. § 1029(a) |
| | : | 18 U.S.C. § 2 |

THE GRAND JURY CHARGES THAT:

**General Allegations and Definitions**

At all times material to this Indictment:

1. The deposits of HomeTrust Bank were insured by the Federal Deposit Insurance Corporation.

2. The deposits of the Bank of Fincastle were insured by the Federal Deposit Insurance Corporation.

3. The deposits of United Bank were insured by the Federal Deposit Insurance Corporation.

4. The deposits of Carter Bank and Trust were insured by the Federal Deposit Insurance Corporation.

1

5. The deposits of Member One Federal Credit Union (also referred to herein as "Member One") were federally insured by the National Credit Union Administration.

6. "Personal Identifying Information (PII)" includes all means of identification which may be used alone or with other information to identify a specific individual, such as a credit card account number or a driver's license number, as well as any other unique personal identifying information.

7. "Access device" means any card, account number, personal identification number, or other means of account access which can be used, alone or in conjunction with another access device, to obtain money, goods, services or other things of value, or can be used to initiate a transfer of funds.

8. "Unauthorized Access Device" means any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

9. "Counterfeit Access Device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device.

10. "Produce" includes design, alter, authenticate, duplicate, or assemble.

11. "Traffic" means transfer, or otherwise dispose of, to another, or obtain control of with intent to transfer or dispose of.

12. "Device making equipment" means any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device.

13. "Means of identification" means any name or number that may be used, alone, or in conjunction with any other information, to identify a specific individual, including any unique electronic identification number.

14. "A Personal Identification Number," commonly called PIN, is a number assigned by the issuing financial institution to be used in conjunction with a credit card or debit card in order to facilitate financial transactions at a point of sale (POS) or at an Automatic Teller Machine (ATM). A PIN number is typically a unique number assigned to the cardholder only and not written or engraved on the corresponding card.

## COUNT ONE
*(Conspiracy)*

15. Beginning in or about December 2018 and continuing thereafter until on or about May 5, 2019, in the Western Judicial District of Virginia and elsewhere, the defendants, IOANA-CRISTINA PAVEL, SZILARD FARKAS, MARIUS CATALUI and other persons both known and unknown to the Grand Jury, did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with each other and with other persons, to commit certain offenses against the United States, to wit:

    a. Execute a scheme to defraud federally insured financial institutions as defined in Title 18, United States Code, Section 20, and to obtain money owned by and under the control of such financial institutions by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

    b. Knowingly and with intent defraud, produce, use or traffic in one or more counterfeit access devices, such conduct affecting interstate or foreign commerce in violation of 18 U.S.C. § 1029(a)(1).

c. Knowingly and with intent to defraud traffic in or use one more unauthorized access devices and that by such conduct a member of the conspiracy obtained anything of value aggregating $1,000 or more during a one year period, and that such conduct affected interstate and foreign commerce in violation of 18 U.S.C. § 1029(a)(2).

d. Knowingly and with intent to defraud possess fifteen or more counterfeit and unauthorized access devices and that such conduct affected interstate and foreign commerce in violation of 18 U.S.C. § 1029(a)(3).

e. Knowingly possess and use a means of identification of another person without lawful authority during and in relation to an enumerated felony, to wit, access device fraud in violation of 18 U.S.C. § 1029 and bank fraud in violation of 18 U.S.C. § 1344, in violation of Title 18, United States Code, Section 1028A;

f. To commit all of the foregoing acts as principals and as aiders and abettors, in violation of Title 18, United States Code, Section 2.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means utilized to accomplish the objects of the conspiracy included, among others, the following scheme:

16. On a date uncertain but beginning no later than on or about December 15, 2018 and continuing through May 5, 2019, the defendants, IOANA-CRISTINA PAVEL, SZILARD FARKAS, MARIUS CATALUI and others known and unknown to the Grand Jury, worked together to fraudulently obtain personal identifying information (PII),

including debit/credit card numbers and corresponding PINs, from bank customers without lawful authority.

17. To facilitate this scheme they utilized access device making equipment, commonly referred to as "skimming devices." They installed these devices, along with small hidden cameras (referred to as pinhole cameras), without authorization, onto ATMs used by customers of financial institutions to capture victims' means of identification including bank account numbers and PINs.

18. The skimmers were inserted deep into the card reader, such that it was not visible to the victim, and would capture the information on the magnetic stripe on the back of the victims' cards when they used the ATMs. This information was then re-encoded onto counterfeit or cloned cards. The pinhole cameras, which were, similarly hidden allowed the defendant and others to capture the victims' PIN as they continued with their transaction.

19. The defendants and others known and unknown to the Grand Jury, then recovered the "skimming devices" and pinhole cameras and used the data captured to create counterfeit access devices, commonly referred to as re-encoded or cloned cards. They then used these cards, in conjunction with the stolen PINs, to make unauthorized withdrawals from the victims' bank accounts through ATMs located at either the victim's bank or at a different financial institution for their personal gain.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Virginia:

20. On or about December 16, 2018, Marius Catalui was observed checking on a suspected skimming device that had been installed at a Member One ATM in Roanoke.

21. On or about December 23, 2018, Marius Catalui was observed on surveillance video at a 7-11 in Roanoke, Virginia entering the store and proceeding to an ATM around the same time victim D.OD.'s Member One debit card account and PIN were utilized to withdraw $600 from his account without his permission.

22. Law enforcement observed a vehicle rented in the name of Catalui during their review of ATM surveillance video in response to additional complaints made by customers of Member One whose debit accounts and PINs had been used to make monetary withdrawals without permission.

23. Catalui and Szilard Farkas, are observed at separate times on Member One ATM surveillance video in Vinton from on or about February 7, 2019 checking on a skimming device that was subsequently recovered by Member One.

24. On or about May 5, 2019, Ioana-Cristina Pavel and Farkas were observed at a Bank of Fincastle withdrawing money from HomeTrust bank accounts through the use of counterfeit or cloned cards, without the lawful account holders' permission. Found in their possession on that date were forty-six Panera gift-cards that had been re-encoded with debit card account information along with a hand-written four-digit PIN attached to the cards.

25. At all times relevant to these events, none of the victims provided the defendants with authority to use their means of identification.

26. All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
*(Bank Fraud)*

27. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

28. On or about December 15, 2018 in the Western Judicial District of Virginia, the defendant, MARIUS CATALUI, as a principal and as aider and abettors to others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: Member One Federal Credit Union, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 16 through 19 of this Indictment.

29. All in violation of Title 18 United States Code Sections 2 and 1344.

## COUNT THREE
*(Attempted Bank Fraud)*

30. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

31. On or about February 7, 2019 in the Western Judicial District of Virginia and elsewhere, the defendants, MARIUS CATALUI and SZILARD FARKAS, as principals and as aider and abettors to each other and others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: Member One

7

Federal Credit Union, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 16 through 19 of this Indictment.

32. All in violation of Title 18 United States Code Sections 2 and 1344.

## COUNT FOUR
*(Bank Fraud)*

33. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

34. On or about March 23, 2019, in the Western Judicial District of Virginia, the defendant, MARIUS CATALUI, as a principal and as aider and abettors to others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: Carter Bank and Trust, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 16 through 19 of this Indictment.

35. All in violation of Title 18 United States Code Sections 2 and 1344.

## COUNT FIVE
*(Bank Fraud)*

36. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

37. Between on or about March 6, 2019 and May 5, 2019, in the Western Judicial District of Virginia and elsewhere, the defendants, IOANA-CRISTINA PAVEL and

SZILARD FARKAS, as principals and as aider and abettors to each other and others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: HomeTrust Bank, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 16 through 19 of this Indictment.

38. All in violation of Title 18 United States Code Sections 2 and 1344.

## COUNT SIX
*(Bank Fraud)*

39. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

40. Between on or about April 27, 2019 and April 30, 2019, in the Western Judicial District of Virginia and elsewhere, the defendants, IOANA-CRISTINA PAVEL and SZILARD FARKAS, as principals and as aider and abettors to each other and others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: United Bank, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 16 through 19 of this Indictment.

41. All in violation of Title 18 United States Code Sections 2 and 1344.

## COUNT SEVEN
*(Bank Fraud)*

42. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

43. Between on or about April 13, 2019 and May 5, 2019, in the Western Judicial District of Virginia and elsewhere, the defendants, IOANA-CRISTINA PAVEL and SZILARD FARKAS, as principals and as aider and abettors to each other and others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: Bank of Fincastle, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 16 through 19 of this Indictment.

44. All in violation of Title 18 United States Code Sections 2 and 1344.

## COUNT EIGHT
*(Access Device Fraud: Possession etc. Counterfeit Devices)*

45. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

46. Between on or about December 15, 2018 and December 23, 2018 in the Western Judicial District of Virginia, the defendant, MARIUS CATALUI, as a principal and as an aider and abettor to others known and unknown to the Grand Jury, knowingly and with intent to defraud, produced, used, and trafficked in one or more counterfeit

access devices, said production, trafficking, and use affecting interstate and foreign commerce.

47. All in violation of 18 United States Code Sections 2 and 1029(a)(1) and (c)(1)(A)(i).

## COUNT NINE
### *(Access Device Fraud: Possession etc. Counterfeit Devices)*

48. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

49. On or about March 23, 2019, in the Western Judicial District of Virginia, the defendant, MARIUS CATALUI, as a principal and as an aider and abettor to others known and unknown to the Grand Jury, knowingly and with intent to defraud, produced, used, and trafficked in one or more counterfeit access devices, said production, trafficking, and use affecting interstate and foreign commerce.

50. All in violation of 18 United States Code Sections 2 and 1029(a)(1) and (c)(1)(A)(i).

## COUNT TEN
### *(Access Device Fraud: Possession etc. Counterfeit Devices)*

51. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

52. Between on or about March 12, 2019 and May 5, 2019 in the Western Judicial District of Virginia, the defendants, IOANA-CRISTINA PAVEL and SZILARD FARKAS, as principals and as aider and abettors to each other and others known and unknown to the Grand Jury, knowingly and with intent to defraud, produced, used, and

trafficked in one or more counterfeit access devices, said production, trafficking, and use affecting interstate and foreign commerce.

53. All in violation of 18 United States Code Sections 2 and 1029(a)(1) and (c)(1)(A)(i).

## COUNT ELEVEN
### *(Access Device Fraud: Use of Unauthorized Devices)*

54. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

55. Between on or about December 15, 2018 and May 5, 2019, in the Western Judicial District of Virginia, the defendants, IOANA-CRISTINA PAVEL, SZILARD FARKAS, and MARIUS CATALUI, as principals and as aider and abettors to each other and others known and unknown to the Grand Jury, knowingly and with intent to defraud, used and trafficked in unauthorized access devices and by such conduct, obtained $1,000 or more, said use and trafficking affecting interstate and foreign commerce.

56. All in violation of Title 18 United States Code Sections 2 and 1029(a)(2) and (c)(1)(A)(i).

## COUNT TWELVE
### *(Access Device Fraud: Possession of 15 or More Counterfeit or Unauthorized Access Devices)*

57. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

58. On or about May 5, 2019, in the Western Judicial District of Virginia, the defendants, IOANA-CRISTINA PAVEL and SZILARD FARKAS knowingly and with

12

intent to defraud, possessed fifteen (15) or more counterfeit and unauthorized access devices, said possession affecting interstate and foreign commerce.

59. All in violation of Title 18 United States Code Sections 1029(a)(3) and (c)(1)(A)(i).

## COUNTS THIRTEEN THROUGH SEVENTEEN
*(Aggravated Identity Theft)*

60. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

61. On or about the dates listed below, in the Western Judicial District of Virginia, the defendant, IOANA-CRISTINA PAVEL, did knowingly and with the intent to defraud, transfer and possess and use, without lawful authority, a means of identification of another person, belonging to the victims identified by their initials below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Bank Fraud in violation of Title 18 U.S.C. § 1344 as set forth in Counts 5, 6, and 7 of this Indictment and Access Device Fraud in violation of Title 18 U.S.C. § 1029 as set forth in Counts 10, 11, and 12 of this Indictment, knowing that the means of identification belonged to another actual person.

| Count | Date | Victim | Victim's Bank | Last Four Card No. | Location Used |
|---|---|---|---|---|---|
| 13 | 4/28/2019 | C.M. | United Bank | 2175 | Bank of Fincastle, Daleville, VA |
| 14 | 4/28/2019 | B.K.H. | United Bank | 9927 | Bank of Fincastle, Daleville, VA |
| 15 | 5/4/2019 | C.A.F. | HomeTrust | 0769 | Bank of Fincastle, Roanoke, VA |
| 16 | 5/4/2019 | K.L.M. | HomeTrust | 7268 | Bank of Fincastle, Roanoke, VA |

| 17 | 5/5/2019 | S.H.H. | HomeTrust | 6842 | Bank of Fincastle, Roanoke, VA |

62. All in violation of Title 18, United States Code Section 1028A(a)(1).

## COUNTS EIGHTEEN THROUGH TWENTY-ONE
### *(Aggravated Identity Theft)*

63. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

64. On or about the dates listed below, in the Western Judicial District of Virginia, the defendant, SZILARD FARKAS, did knowingly and with the intent to defraud, transfer and possess and use, without lawful authority, a means of identification of another person, belonging to the victims identified by their initials below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Bank Fraud in violation of Title 18 U.S.C. § 1344 as set forth in Counts 5, 6, and 7 of this Indictment and Access Device Fraud in violation of Title 18 U.S.C. § 1029 as set forth in Counts 10, 11, and 12 of this Indictment, knowing that the means of identification belonged to another actual person.

| Count | Date | Victim | Victim's Bank | Last Four Card No. | Location Used |
|---|---|---|---|---|---|
| 18 | 4/13/2019 | G.M.W. | Farmers Bank of Appomattox | 8892 | Bank of Fincastle, Troutville, VA |
| 19 | 4/28/2019 | J.A.M. | United Bank | 7267 | Bank of Fincastle, Daleville, VA |
| 20 | 5/4/2019 | H.C. | HomeTrust | 2272 | Bank of Fincastle, Roanoke, VA |
| 21 | 5/5/2019 | J.J-K. | HomeTrust | 3098 | Bank of Fincastle, Roanoke, VA |

65. All in violation of Title 18, United States Code Section 1028A(a)(1).

## COUNTS TWENTY-TWO AND TWENTY-THREE
### *(Aggravated Identity Theft)*

66. The allegations contained in paragraphs 1 through 19 are incorporated into this Count by reference.

67. On or about the dates listed below, in the Western Judicial District of Virginia, the defendant, MARIUS CATALUI, did knowingly and with the intent to defraud, transfer and possess and use, without lawful authority, a means of identification of another person, belonging to the victims identified by their initials below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Bank Fraud in violation of Title 18 U.S.C. § 1344 as set forth in Counts 2 and 4 of this Indictment and Access Device Fraud in violation of Title 18 U.S.C. § 1029 as set forth in Counts 8, 9 and 11 of this Indictment, knowing that the means of identification belonged to another actual person.

| Count | Date | Victim | Victim's Bank | Last Four Card No. | Location Used |
|---|---|---|---|---|---|
| 22 | 12/23/2018 | D.OD. | Member One | 6539 | 7-11, 5002 Plantation Road, Roanoke, VA |
| 23 | 3/23/2019 | K.D. | Carter Bank and Trust | 9205 | Bank of Fincastle, Roanoke, VA |

68. All in violation of Title 18, United States Code Section 1028A(a)(1).

15

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, violations of 18 U.S.C. §§ 1344, 1029, and/or a conspiracy to violate said violations, the defendants IOANA-CRISTINA PAVEL, SZILARD FARKAS, and MARIUS CATALUI, shall forfeit to the United States of America:

> a. any property constituting, or derived from, any proceeds obtained directly or indirectly, as a result of said offenses, pursuant to Title 18, United States Code, Section 982(a)(2)(A) and (B).
>
> b. any personal property used or intend to be used to commit a violation of 18 U.S.C. § 1029, pursuant to 18 U.S.C. § (c)(1)(C).

2. The property to be forfeited to the United States **includes but is not limited to** the following property:

> **a.    U.S. Currency**
>
> $8,800 in United States Currency

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant: described above, as a result of any act or omission of the defendants:

> a. cannot be located upon the exercise of due diligence;
> b. has been transferred or sold to, or deposited with, a third person;
> c. has been placed beyond the jurisdiction of the Court;
> d. has been substantially diminished in value; or
> e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

16

A TRUE BILL this \_\_2\_\_ day of January, 2020.

*/s/ Grand Jury Foreperson*
FOREPERSON

For THOMAS T. CULLEN
UNITED STATES ATTORNEY