IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 7:19-CR-0094 |
| | : | |
| | : | |
| v. | : | Chief Judge Urbanski |
| | : | |
| | : | |
| IOANA-CRISTINA PAVEL, et al. | : | MOTION TO DISMISS INDICTMENT |
| Defendant. | : | WITH PREJUDICE |

_____

## I.    INTRODUCTION

The Executive Branch's United States Attorney's Office abandoned prosecution, electing to prioritize deportation rather than follow the Court's pretrial release order, when its Bureau of Immigration and Customs Enforcement deported Ms. Pavel. The deportation has caused actual prejudice by violating her right to due process under the Fifth Amendment and her rights to counsel and to participate in her defense under the Sixth Amendment. Ioana-Cristina Pavel, through undersigned counsel, respectfully moves this Court to exercise its supervisory powers and to dismiss the indictment against her with prejudice.

## II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS

Ms. Pavel's codefendants trafficked her from Romanian to the United States to use her in criminal activity. State police officers arrested Ms. Pavel on May 5, 2019. On September 25, 2019, federal authorities arrested her. The court detained her on October 1, 2019. On October 17, 2019, the grand jury returned an eleven-count Indictment, charging Ms. Pavel with violating Title 18, United States Code, Sections 1344 (Bank Fraud), 1028A (Aggravated Identity Theft), 1029(a) (Access Device Fraud), and 2 (Principals Liability). Doc. No. 16. The Court set trial for

December 24, 2019. Doc. No. 29. Upon the defense's unopposed motion for a continuance, the Court rescheduled trial for January 30, 2020. The government filed a superseding indictment adding codefendants and additional counts on January 2, 2020. Doc. No. 32. The court arraigned the defendants on January 27, 2020 and then scheduled a jury trial for May 26 through May 29, 2020. Doc. No(s). 40 and 42. Because of the novel coronavirus pandemic, COVID-19, the Court continued the trial to February 8, 2021 under Second Amended Standing Order 2020-5. Doc. No. 59. The Court granted Ms. Pavel's motion for bond on March 31, 2020, releasing her on a $20,000 unsecured bond so she could enroll in the Way Forward Program and reside at the Rescue Mission in Roanoke, Virginia. See Doc. No(s). 53 and 55. The Roanoke City Jail held her on the Bureau of Immigration and Customs Enforcement's (ICE) detainer. ICE transported her to a detention facility in Georgia and then deported her to Romania.

## III.   ARGUMENT

A district court has inherent supervisory powers over its processes and those who appear before it. *See generally United States v. Hasting*, 461 U.S. 499, 505, 103 S. Ct. 1974 (1983). The court is empowered to take whatever actions are necessary "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter illegal conduct." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991) (citing *United States v. Simpson*, 813 F.2d 1462, 1464-65 (9th Cir. 1987) (cert denied)). These supervisory powers include, but are not limited to, the ability "to implement a remedy for violation of recognized rights." *United States v. Grace*, 526 F.3d 499, 511 n.9 (9th Cir. 2008) (citation omitted); *see also United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011) (recognizing that even when government conduct does not rise to the level of a due process violation, a court, though, may dismiss an

indictment using its supervisory powers). The Ninth Circuit recognized that dismissal is necessary when the prosecutorial process has violated constitutional or statutory rights and no lesser remedy is available. *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991).

**A.** ***The Government Violated this Court's Order Setting Conditions of Release and Violated Ms. Pavel's Rights Under the Bail Reform Act.***

The Executive Branch pursued the criminal prosecution, but rejected the rulings from the criminal proceedings. It refused to abide by the release order. All people, citizens or non-citizens, are subject to the same consideration for release under the Bail Reform Act, 18 U.S.C. § 3142. Just after the court released Ms. Pavel pending trial, ICE, an agency of the Executive Branch, removed her from the country, making her unavailable to pre-trial services and to defense counsel. In *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1170 (D. Or. 2012), the court stated:

> When the Executive Branch decides that it will defer removal and deportation in favor of first proceeding with the federal criminal prosecution, the all applicable laws governing such prosecutions must be followed, including the Bail Reform Act. In such cases, if a judicial officer determines under the Bail Reform Act that a particular defendant must be released pending trial because the defendant does not present a risk of either flight or harm, and the government has chosen not to appeal that determination, the Executive Branch may no longer keep that person in physical custody. To do so would be a violation of the Bail Reform Act, and the court's order of pre-trial release.

The court continued "If, however, the Defendant is not released pending trial as directed by the Magistrate Judge pursuant to the Bail Reform Act, the pending criminal prosecution of the Defendant may not go forward. To hold otherwise would deprive the Defendant of his statutory right to pretrial release under the Bail Reform Act and possibly

even deprive the Defendant of his Fifth Amendment and Sixth Amendment rights to due process and effective assistance of counsel, respectively." *Id.*

### B. The United States Attorney's Office Has Abandoned Prosecution

By deporting her, the United States Attorney's Office ("USAO") abandoned the criminal prosecution. The United States Attorney's Office controls whether a criminal defendant will be removed. *See United States v. Pimentel, No. 2:19-CR-300*, 2020 WL 2064046 (D. Utah Apr. 19, 2020) (slip copy)(*citing United States v. Rodriguez*, No.13-CR-20126-01-CM, 2013 WL 6904074, at *2 (D. Kan. Dec. 31, 2013)); *United States v. Boutin*, 269 F.Supp.3d 34, 28. 8 C.F.R. § 215.3 states:

> "[a]ny alien who is needed in the United States as a witness in, or as a party to, any criminal case under investigation or pending in a court in the United States: Provided, That any alien who is a witness in, or a party to, any criminal case pending in any criminal court proceeding may be permitted to depart from the United States *with the consent of the appropriate prosecuting authority*, unless such alien is otherwise prohibited from departing under the provisions of this part."

*Id. [emphasis added]* The USAO has the power to seek a stay of removal. *United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128, 1135 (M.D. Florida 2015). It cannot separate itself from the actions of other agencies within the Executive Branch. ICE and the USAO work together and can craft cooperative agreements. The USAO must explain why it failed to seek a stay of departure. *Id.* at 1136.

ICE knew of the pending prosecution given it notified the Roanoke City Jail to not release her based on its detainer.  "ICE regulations provide that 'departure from the United States of any alien within certain categories shall be deemed prejudicial to the interests of the United States." 8 C.F.R. § 215.2(a); *United States v. Boutin*, 269 F.Supp.3d 24 (E.D. NY

2017); *Pimentel*, 2020 WL 2064046 at * 4. ICE has the discretion to not deport immediately, and yield power to the prosecution. And yet, ICE deported her.

### C. Ms. Pavel's Fifth Amendment Right to Due Process and Sixth Amendment Right to Counsel Have Been Violated.

Deporting Ms. Pavel while maintaining his criminal prosecution in the United States offends her basic constitutional rights. *Trujillo-Alvarez* suggests the government violates the Fifth and Sixth Amendment rights when ICE officials fail to release a defendant despite a release order from the criminal court. The same is true when the government deports the defendant.

#### 1. The Fifth Amendment Right to Due Process

The due process clause of the Fifth Amendment guarantees that a criminal defendant will be treated with fundamental fairness inherent in the idea of justice. *United States v. Resendiz-Guevara*, 145 F.Supp.3d 1128, 1137 (M.D. Florida 2015). The Court should find a denial of this right where such fairness is absent, preventing a fair trial. *Id*. Because the government caused Ms. Pavel's absence, she is unable to prepare a defense to the charge. Id at 1138. There is no remedy to for this violation.

#### 2. The Sixth Amendment Right to Counsel and to Participate in her Defense

An accused must enjoy the right "to have the assistance of counsel for his defense." *United States v. Morrison*, 449 U.S. 361, 364, 101 S. Ct. 665, 667 (1981). A Sixth Amendment violation may occur simply by limiting a defendant's rights to consult with counsel. *See, e.g.,* G*eders v. United States,* 425 U.S. 80 (1976) (trial court order directing a

defendant not to consult with his attorney during an overnight recess violated the Sixth Amendment). A defendant's constitutional rights may be violated where the government deports favorable defense witnesses. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982) (sanctions may be imposed on the Government for deporting witnesses if the criminal defendant makes plausible showing the testimony would be material and favorable to the defense). Because Ms. Pavel has been deported, she cannot consult with counsel. She is unable to review the government's evidence against her, or to prepare a defense to the charge.

IV.    CONCLUSION.

For the foregoing reasons, dismissal of the indictment is warranted.

Respectfully  submitted,

*/s/Monica D. Cliatt*
First Assistant Federal Public Defender
PA. No. 84848
210 1st Street, SW, Suite 400
Roanoke, Virginia 24011
Tel: (540) 777-0880
Fax: (540) 777-0890
monica_cliatt@fd.org

*Counsel for Ioana-Cristina Pavel*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion to Dismiss Indictment With Prejudice was electronically filed and will be forwarded to the Assistant United States Attorney on this the 30th day of November, 2020 using the CM/ECF system.

s/Monica D. Cliatt

7